## MYERS *v.* CASEY & KELLY.

WHERE the motion for new trial, though made, does not appear to have been acted on, the Appellate Court will not consider the sufficiency of the evidence to sustain the verdict.

*Query,* whether a party can object, on second trial to the reading of a deposition which he suffered his adversary to read on the first trial, without objection.

Where a rule of the District Court requires three days' written notice of exceptions to depositions, if they are returned and filed with the Clerk that length of time before trial, and such notice is not given on a first trial, the depositions may be admitted on a second trial, though it took place the day after the first trial. The party was in default in not giving the notice before the first trial.

If part of the deposition be liable to the exception of hearsay, this goes only to the rejection of that part, and the objection should be taken at the hearing.

Where such rule of a District Court requires the notice as above, unless the exceptions appear on the face of the depositions, the meaning is that the objection —not the objectionable matter—must appear on the face of the deposition.

APPEAL from the Sixth District.

Replevin. The case was tried one day, and the jury failing to agree, was tried again the following day.

When the plaintiff offered to read certain depositions, which had been read on the first trial without objection, defendants objected, on the ground that the testimony was irrelevant and hearsay, that the questions were leading, and that the certificate of the officer taking the depositions did not show at what time or place they were taken.  A notice that defendants would take these objections was left at plaintiff's office, no one being there, at 5 o'clock, P. M. of the day previous to the trial.

The Court refused to entertain the objections, on the ground that they had not been filed three days before the trial, according to a rule of Court, as follows, to-wit: "All exceptions to depositions, etc.    -    -    -    -    unless appearing on the face thereof, must be filed with the Clerk of the Court, and notice of the filing thereof given to the adverse party, or his Attorney, at least three days before the trial of the cause, or the exceptions shall not be heard; provided said depositions    -    -    - have been returned and filed with the Clerk more than three days before the trial; if they have not, then the exceptions must be taken and called up for hearing before or at the time the case is called for trial.  All depositions must be filed in Court one day at least previous to the day on which the case is set for trial."

Plaintiff had judgment on the verdict of a jury.   Defendants appeal.

*Hereford & Long*, for Appellants.

*Wallace & Rayle*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

1. We cannot consider the questions on the sufficiency of the evidence to justify the verdict, for the reason that although a motion for a new trial was made by the Appellants, it does not appear to have been acted on.  We can, therefore, only consider, at most, the questions of law arising on the trial, or found in the record.

2. It is assigned for error, that the Court erred in refusing to reject certain depositions.  The ground of refusal was, that by a rule of the Sixth District Court, written notice for three days

is required of exceptions to depositions, when the depositions are returned and filed with the Clerk three days before the trial. The Appellants contend that this rule did not apply, for two reasons : 1. That the second trial was had the next day after the first trial, in which the jury failed to agree; so that he had no time to give the required notice. 2. That the objectionable matter appeared upon the face of the depositions, in which case the rule by its own terms fails to apply. But even if it be competent for a party to object on the second trial to the reading of a deposition, which he has suffered his adversary to read on the first, without objection, as seems to be the case here, yet he had ample opportunity to give his notice before the first trial, and was in default for not having done so; and, second, that the whole depositions were not liable to the exception of being hearsay, as now claimed; and, therefore, this was no reason for rejecting them; but this cause could go only to the rejection of the particular matter thus obnoxious to this exception, which should have been taken at the hearing. Besides, the meaning of the rule is not that the objectionable matter must appear upon the face of the depositions, in order to be within the exception, but that the objection must appear upon the face of the depositions.

Judgment affirmed.